### BARRINEAU v. STEVENS.

A DEED MADE UNDER TAX SALE under a levy by a magistrate constable who put his agent in possession but who had not been regularly appointed or qualified as a deputy sheriff, is ineffectual to convey title.

Before PURDY, J., Berkeley, January Term, 1906    Affirmed.

Action by J. A. Barrineau against D. F. Stevens. From judgment for plaintiff, defendant appeals.

*Mr. R. W. Haynes,* for appellant, cites: 57 S. C., 382; 31 S. C., 547; 40 S. C., 114.

*Mr. Lewis G. Fultz,* contra, cites: 67 S. C., 539; 5 Strob., 77; 1 Bail., 467.

September 27, 1906.    The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, J. A. Barrineau, brings this action to recover possession of the tract of land described in the complaint, alleging his own title and right to possession, and the actual possession of the defendant under an invalid tax title. The two grounds on which the tax title is assailed are: (1) That the purchase was made by the defendant at the tax sale while he was the agent of the plaintiff, having funds in his hands adequate to pay the taxes given to him by the plaintiff for that purpose, and (2) that the sheriff did not before the sale "seize and take exclusive possession" of the land, as required by the statute. The case was referred by consent to the master, who reported against the plaintiff on both these issues, held the tax title to be good and recommended that the complaint be dismissed.

On hearing the exceptions to the master's report, the Circuit Judge, without passing on the issue of fact as to the agency of defendant, held, after reciting the facts connected with the attempted levy and sale, the tax title invalid on the ground that "it does not appear that the sheriff ever took possession of the land or ever levied upon it."

The defendant appeals, and by his second and fourth exceptions submits that the tax deed being regular on its face, the presumption was that the sheriff did all that was required by law, and it was not necessary that it should affirmatively appear that the sheriff took possession of the land before the levy. It is true, the defendant might have introduced his tax title and relied on the presumption in its favor, thus throwing the burden on the plaintiff to show non-compliance with the law. *Wilson* v. *Cantrell,* 40 S. C., 114, 18 S. E., 517. But the defendant himself proved the manner in which the levy was made, and it was on his evidence that the tax title was assailed, the Circuit decree turning on this extract from his testimony: "Q. What official capacity did you hold in the year 1901? A. I was constable for J. R. Brown. Q. Did you collect any tax executions for the sheriff? A. I did. I know the piece of land described in the complaint, and I levied on that land for the sheriff and put a colored

fellow, by name of Clinton, in charge of it. The land was afterwards sold by the sheriff at the court house at Monck's Corner, S. C., and I became the purchaser."

Section 423 of the Civil Code provides as to tax sales: "Under and by virtue of said warrant or execution, the sheriff shall seize and take exclusive possession of so much of the defaulting taxpayer's estate, real or personal, or both, as may be necessary to raise the sum of money named therein and the charges thereon, and after due advertisement, sell the same, etc." *Dickson* v. *Burchmyer*, 67 S. C., 528, 46 S. E., 343, holds failure to comply with this requirement fatal to a tax title. In this case instead of the seizing and taking of exclusive possession by the sheriff or his regularly appointed deputy required by the statute under the tax execution the defendant who was nothing more than a magistrate's constable undertook to act for the sheriff in seizing and taking possession of the property. It is not pretended the defendant was a regular deputy of the sheriff, appointed and qualified under sections 830 and 831 of Civil Code, but the effort is made to sustain his authority under section 832, which reads: "The sheriff, without seeking the approval of the Circuit Judge, may appoint special deputies, as the exigency of his business may require, for the service of process in civil and criminal proceedings only; and for their conduct he shall be responsible." We are not called on to determine what is meant by the expression "process in civil and criminal proceedings only," for there is not only a lack of evidence of any appointment as a special deputy under this statute, but the defendant's testimony clearly means he was collecting tax executions, and undertook to levy on and take possession of this land as a magistrate's constable. The tax sale was for this reason ineffectual to confer title on the defendant.

The Circuit Judge held further, that if the defendant had authority to act for the sheriff, then his purchase was illegal and his title invalid under section 864 of the Civil Code, which provides, "No sheriff or deputy sheriff shall be concerned or interested, directly or indirectly, in the purchase

of any property sold by either of them officially; and if such sheriff or deputy shall be concerned or interested in any such purchase at any such sale, made by either of them, he shall, on conviction thereof, be deprived of his office, and shall be liable to be fined and imprisoned at the discretion of the Court; and such purchase shall be null and void." But this objection will not be discussed here, because it was not mentioned in the complaint as one of the vices in the sale, and because its consideration is not necessary to the decision of the case.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.