17174

LEROY McCUTCHEN, Appellant, v. J. N. HINNANT, Respondent
(93 S. E. (2d) 463)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Connor & Connor,* of Kingstree, *for Respondent,*

June 14, 1956.

STUKES, Chief Justice.

This is an action to recover the possession of an unimproved lot of land in the Town of Kingstree which was sold on March 5, 1951, under execution for delinquent county property taxes. From judgment for defendant, plaintiff appeals.

Delinquent taxes are collected in Williamsburg County by, quoting from the statute, "one discreet person to be known as tax collector." Sections 65-2601 *et seq.* of the Code of 1952. (There were presently irrelevant amendments in 1955, 49 Stat. 168.) And the pertinent powers and duties of the sheriff under the general statutes are devolved upon the tax collector. Section 65-2604. The statute makes no provision for a deputy or assistant to the collector. However, the collector employed an assistant, without statutory authorization, who was at the time here concerned a Mrs. Duke; and required her to give bond. She undertook to levy upon the lot, pursuant to which the sale was had. The latter fact is fatal to the validity of the levy, sale and deed pursuant thereto.

The authority of *Barrineau v. Stevens,* 1906, 75 S. C. 252, 55 S. E. 309, is controlling. In that case the levy was made by a magistrate's constable, who was not a deputy of the sheriff whose duty it was to make the levy. The statute was cited, then section 423 of the Civil Code, now section 65-2766 of the Code of 1952, which requires the sheriff to make a levy under an execution for unpaid property taxes; and it was held that a sale upon the levy by the constable was ineffectual to convey title to the purchaser at the tax sale.

The *Barrineau case* was cited and followed in *Vallentine v. Robinson,* 188 S. C. 194, 198 S. E. 197, 203, where it was said, "* * * he [a legally unauthorized assistant tax collector] was in no sense such officer as was authorized by section 2855 of the Code [of 1932, now Sec. 65-2766 of the Code of 1952] to levy a tax execution." The latter was quoted with approval in *First National Bank of Holly Hill v. Hair,* 200 S. C. 36, 20 S. E. (2d) 219. And in *Leysath v. Leysath,* 209 S. C. 342, 40 S. E. (2d) 233, levy by an assistant tax collector, who was not authorized by law, was recognized as a defect in the forfeiture proceedings but assertion of it was barred by the statute of limitations, which is not involved in this case.

Respondent cites *Commercial Bank of Augusta v. Sandford,* C. C. 1900, 103 F. 98, 102, but the facts clearly differentiate it from the case at bar. There the tax execution was levied by a deputy in the office of the sheriff, whose appointment had not been confirmed by the judge. The reasoning and conclusion of the court follow: "The tax execution is directed to the sheriff or to his lawful deputy. By [statute] the sheriff is authorized to appoint one or more deputies, to be approved by the judge of the circuit court * * *. Such appointment shall be evidenced by a certificate thereof, signed by the sheriff. But section 715 provides that the sheriff * * * may appoint special deputies * * * for the service of process * * *. This section does not say that the appointment be in writing. Taking this in connection with the fact that this man * * * was *de facto* a deputy, and that his acts have been recognized by the sheriff, it would seem that the levy, although irregular it may be, was not unlawful. 'The acts of an officer *de facto,* although his title [to the office] may be bad, are valid so far as they concern the public or the rights of third persons.' *Ralls County v. Douglass,* 105 U. S. 728, 26 L. Ed. 957." In the case in hand there was no such office as assistant tax collector.

Reversed and remanded for further proceedings consistent with this opinion.

Reversed.

TAYLOR, OXNER, LEGGE, and MOSS, JJ., concur.