1320

Houston HART, Appellant v. Samuel E. CAMPBELL, Administrator of the Estate of Allie Mary Mimms, deceased, Respondent.
(380 S. E. (2d) 431)

Court of Appeals

*Terry E. Haskins* of *Haskins & Patton,* and *Eddie R. Harbin,* Greenville, *for appellant.*

*Anne S. Ellefson* and *Moffatt G. McDonald* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondent.*

Heard Feb. 20, 1989.

Decided April 10, 1989.

SHAW, Judge:

Appellant, Houston Hart, instituted this action to foreclose a mortgage executed by Allie Mary Mimms in 1953. The trial court directed a verdict in favor of respondent, Samuel E. Campbell, Administrator of the Estate of Allie Mary Mimms. Hart appeals. We affirm.

On December 31, 1953, Allie Mary Mimms executed and delivered to Mr. Hart a promissory note in the sum of $5,000 bearing interest at the rate of 7% per annum. On January 11, 1954, Miss Mimms executed a mortgage securing payment of the note. Neither the note nor the mortgage fixed any maturity date or provided for a payment schedule. After Miss Mimms' death, Mr. Hart brought this action to foreclose the mortgage.

Mr. Hart testified Miss Mimms made two payments on the note; one on June 1, 1967 in the amount of $107.00 and one on October 1, 1969 in the amount of $62.00. Mr. Hart stated he recorded these payments in his receipt book which also contained other entries for other transactions. Both payments were said to be in the form of coin collections.

At the close of the plaintiff's case, the attorney for respondent moved for a directed verdict. The trial judge granted the motion based on § 29-1-10 South Carolina Code of Laws, 1976.

> § 29-1-10 provides:
> No mortgage ... shall constitute a lien upon any real estate after the lapse of twenty years from the date for

the maturity of such lien. But if the holder of any such lien shall, at any time during the continuance of such lien, cause to be recorded upon the record of such mortgage ... a note of some payment on account or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment, such mortgage ... shall be, and continue to be, a lien for twenty years from the date of the record of any such payment on account or acknowledgment. When there is no maturity stated or fixed in the mortgage or the record of the mortgage then the provisions hereof shall be applicable from the date of such mortgage and such mortgage shall not constitute a lien after the lapse of twenty years from the date thereof.

Turning to the facts of this case, the mortgage lien would cease to exist twenty years from the date of the mortgage, January 11, 1954, unless Mr. Hart, during the continuance of the lien, caused to be recorded upon the record of the mortgage a note of payment on account or written acknowledgment of the debt secured. See *Stelts v. Martin*, 90 S. C. 14, 72 S. E. 550 (1911) (The twenty year period starts to run from the date of maturity of the mortgage).[1] Mr. Hart contends the record of the two payments in his receipt book is sufficient to continue the mortgage in effect until twenty years from the date of the last payment. We disagree.

The statute in question has enjoyed a long history.[2] It has been construed by our Supreme Court to create a presumption of payment of the lien upon the lapse of the stated time, and to prescribe the form and substance of the evidence necessary to rebut such a presumption. *Robinson v. Watson*, 198 S. C. 396, 18 S. E. (2d) 215 (1941). While a mortgage lien may be preserved beyond the original twenty year period, this can be done only by compliance with the terms of the statute. *McSween v. Windham*, 104 S. C. 508, 89 S. E. 500 (1916). The statute clearly provides the notation of payment

---

[1] By the terms of the statute, the date of the maturity of the mortgage in question is the date of the mortgage itself since no maturity date was stated or fixed.

[2] § 29-1-10 is similar in substance and effect to § 1831 of the General Statutes of 1882. *See Henry v. Henry*, 31 S. C. 1, 9 S. E. 726 (1889).

or acknowledgment of the debt must be "recorded upon the record of such mortgage." The "record" of a mortgage is a term given to the mortgage records maintained at the office of the register of mesne conveyances or the clerk of court in the several counties of this State. *See* Sections 30-7-10, 30-7-20, 30-7-40, Code of Laws of South Carolina, 1976; *see also, Mills v. Killian,* 273 S. C. 66, 254 S. E. (2d) 556 (1979). Thus, unless a notation of payment or acknowledgment of debt is recorded upon the record of the mortgage at the appropriate office, it will not preserve the lien beyond the twenty year period. *See McSween, supra* (written acknowledgment given to mortgagee within the twenty year period, but not recorded in clerk's office until after expiration of that time, will not remove the bar).

The entries in Mr. Hart's receipt book are incompetent to rebut the presumption of payment of the lien. To allow self-serving records to be acceptable as a notation upon the record of the mortgage would subvert the intent of the act.

The order below is affirmed. All other issues raised by the appellant are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1988).

Affirmed.

BELL and GOOLSBY, JJ., concur.