15401

NATIONAL BANK OF HOLLY HILL v. HAIR *ET AL.*

(20 S. E. (2d), 219)

January, 1941.

*Messrs. Felder & Rosen* and *Mr. T. B. Bryant,* all of Orangeburg, counsel for appellant,

*Messrs. Walker, Walker & Jenkins,* of Summerville, and *Mr. James A. Moss* of Orangeburg, counsel for respondents,

May 1, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM:

This action involves a mortgage upon a certain tract of land in Orangeburg County, executed by Edgar D. Sasportas to the Edisto National Bank of Orangeburg, South Caroina, dated April 9, 1918, and duly recorded on April 12, 1918, securing a note of the same date as the mortgage in the principal sum of $1,083.00 maturing one year after date. In due course the mortgage and note were acquired by assignment by the appellant herein.

The original complaint in this action alleged that the said E. D. Sasportas has died, leaving as his heirs the following nieces and nephews, all of whom are named as parties defendant: Addie Sasportas, Bennie Sasportas, Willie Sasportas, Edgar Sasportas, Mrs. F. A. Blythewood and E. S. Bulkley. In addition to the foregoing nieces and nephews who, in the sixth paragraph of the complaint are alleged to be the heirs of E. D. Sasportas, the following are also named parties defendant to the action: Erienne S. Hair, Jenny Sasportas, H. Benjamin and Virgil P. Kizer.

The plaintiff alleged that various payments have been made on the note and mortgage, thus reducing the amount due thereon to $959.00 with interest from November 1, 1931, which (as was later found as a matter of fact by the special referee) was the date of the last payment, the plaintiff alleging that it acquired the instruments by assignment on April 20, 1935.

The defendant, Erienne S. Hair, was made a party defendant because, as is alleged, she "has or claims to have some interest in the said real estate." Benjamin and Kizer were named as defendants .because it is alleged that they "have gone on the said real estate and have cut the timber therefrom and should be made to account unto the plaintiff herein for any and all damages that they have done to the property herein described and which is covered by plaintiff's mortgage." The prayer of the complaint is for judgment against Kizer and Benjamin in the sum of $5,000.00; for judgment on the principal amount due on the note, with interest from November 1, 1931, together with attorney's fees thereon; that the mortgage be foreclosed, the equity of redemption barred, the mortgaged premises ordered to be sold and from proceeds of such sale that plaintiff's judgment debt be paid and for such other and further relief as may appear equitable and proper, and for the costs of the action.

The original summons and complaint were lodged in the office of the Sheriff of Orangeburg County on April 7, 1939, and it appears from testimony in the case, to which there was no contrary finding by the special referee or by the circuit decree, that copies of the summons and complaint were, at the same time, filed in that office for the purpose of service. On the same day, notice of pendency of the action was filed in the office of the Clerk of Court for Orangeburg County.

To this complaint two demurrers were filed. The defendants Benjamin and Kizer demurred jointly on the grounds that a cause of action based on contract for the foreclosure

of a mortgage, as against other defendants was improperly joined in the same action with a cause of action against Benjamin and Kizer for the tort of trespass by cutting and removing timber from the land. This demurrer alleges:

"That it appears from the face of the complaint that the cause of action for the cutting of the timber will not accrue against the defendants affected thereby, unless the land at the foreclosure sale fails to bring enough to satisfy the mortgage, and there is no allegation in the complaint that the land will not do this."

The second demurrer, filed by the defendants Erienne S. Hair and Addie Sasportas, is also based on the sole ground that the complaint unites a cause of action for the foreclosure of a mortgage of the real estate therein described against certain parties having an interest in the property, and a cause of action in tort against certain other defendants for damages to the mortgaged premises.

The two demurrers, both of which were based on the sole ground that an action in trespass was improperly joined with an action for foreclosure, were heard by the Honorable M. M. Mann, presiding Judge, who, on August 29, 1939, passed an order holding that these two separate causes of action are stated in the same complaint, and that no judgment that might be rendered could affect alike all the parties, and that for that reason the objection to the presence of the cause of action against Benjamin and Kizer must be sustained.

The order concludes thus:

"The cause of action against the remaining defendants for the foreclosure of the note and mortgage should not be disturbed and the ends of justice will be served by allowing the action thus amended to proceed.

"Ordered, therefore, that the demurrers are sustained in so far as the improper and irrelevant presence of the defendants Benjamin and Kizer is concerned and their names are stricken as parties defendant; and the Plaintiff have

leave to amend its complaint, if it so desire, in such particulars as it may desire, within five days from the filing of this Order; and that the defendants have twenty-five days from the filing of this Order to answer or plead as they may be advised."

From the foregoing order no appeal was taken.

In accordance with the terms of the order, the plaintiff, on the folllowing day, amended its complaint by omitting therefrom all allegations and prayers pertaining to Virgil P. Kizer and H. Benjamin. In all other respects the original and the amended complaints are identical, except that in the sixth paragraph of the amended complaint the name of Jennie Sasportas is added to the list of heirs of E. D. Sasportas, her name not having appeared in the similar paragraph of the original complaint. The amended complaint, as set out in the transcript of record, does not indicate whom the suit is against except in the sixth paragraph, and in the prayer. There is no caption and no record of service upon any one, but in the sixth paragraph of the amended complaint all parties are named who appeared in the orginal caption, except Benjamin and Kizer.

On September 19, 1939 (three weeks after Judge Mann had passed upon the sole question raised by the demurrer), the first and only answers in this entire proceeding were filed. The two answers were filed separately by Adelaide D. Sasportas and Erienne Hair Young, who had been styled in the complaint as Erienne S. Hair. No other answers were filed.

The answer of Adelaide D. Sasportas set up a general denial; a plea of the statute of limitations, alleging that the lien of plaintiff's mortgage had expired, in that the foreclosure action had not been commenced within twenty years from the date of maturity of the mortgage; that the note sued upon had been reduced to the status of an unsecured obligation and barred by the statute of limitations; that the lien of plaintiff's mortgage had become divested by reason

of a sale of the property for taxes, and that her title to said property was therefore clear of the mortagage lien. Later, at the hearing of the cause, Adelaide D. Sasportas applied for and obtained leave to amend this answer so as to allege that any attack on the tax title through which she acquired the said property, was barred by the two-year statute of limitations.

The answer of Erienne Hair Young alleges, in effect, a general denial, denies that she has any interest in the real estate described in the complaint, and alleges: "* * * that the premises described in the said complaint were conveyed to her by C. H. Williams, Collector of Delinquent Taxes of Orangeburg County, by deed dated the twenty-seventh day of May, 1936, and recorded in the office of the Clerk of Court for Orangeburg County in Deed Book 105, page 78 for a consideration of One Thousand Eight Hundred Eighty-Five and 25/100 ($1,885.25) Dollars, and that subsequently she, for valuable consideration, conveyed the same to her co-defendant, Adelaide D. Sasportas, by deed dated the — day of July, A.D., 1938; * * *."

The answer of Adelaide D. Sasportas contained an allegation similar to the one just quoted, and also made the following allegation on the subject: "That the property described in the amended complaint herein, was by virtue of certain tax executions, issued against the Estate of E. D. Sasportas, sold by C. H. Williams, collector of delinquent taxes for Orangeburg County, to satisfy said executions, at public auction on the eighth day of May, 1934, and at said sale the said premises were bid in by her co-defendant, Erienne S. Hair."

The answer also admits that E. D. Sasportas is dead, and that his heirs are those persons named in paragraph six of the amended complaint, but Adelaide D. Sasportas, in her answer, does not allege any interest in the property as a result of being an heir or devisee of E. D. Sasportas, but alleges that she holds title to the property, free of the lien of the mortgage, as a result of a conveyance to her, for

valuable consideration, from Erienne S. Hair, after the above described tax sale.

At the hearing before the Honorable John S. Bowman, County Judge, as special referee, P. L. Felder, Jr., of counsel for plaintiff, testified in part:

"On that day, April 7, 1939, I took the complaint with the copies and with the notice of the pendency of action and carried it to the office of the Clerk, filed the notice of pendency of action and had the Clerk endorse a certificate on the summons showing such filing and then took the original summons and complaint and the copies over to the office of the sheriff and lodged it with him, stating at that time that I understood that the defendant, Mrs. F. A. Blythewood was out of town and that she was a resident of the City of Orangeburg and that the defendants, H. Benjamin and Virgil P. Kizer were also residents of Bowman. I lodged this summons and the copies for service but did not know where the other parties to the action resided at that time. I made inquiry and found some of them resided in Charleston and some in other sections and subsequently went to the Sheriff's office and obtained the copies for service in Charleston and carried them down to Sheriff Poulnot and had the service made through his office, a certificate of which appears in the proceeding. I know that the defendants, H. Benjamin and Virgil P. Kizer are citizens of Orangeburg County and reside at Bowman, S. C., and that Mrs. F. A. Blythewood is also a citizen and resident of the City of Orangeburg, Orangeburg County, S. C. As attorney in this case I have made the examination into the records of Orangeburg County and find no record of any administration on the estate of E. D. Sasportas in that office."

There is nothing in the original summons and complaint or in the amended summons and complaint, as contained in the transcript of record, to indicate who was ever served in the case, or by whom any service was made, nor when service was perfected upon any party defendant. The report

of the special referee indicates that he, too, suffered perplexities in ascertaining such facts from the record, for, before stating his findings of fact, the referee states:

"It appears from the record of the said cause that the original summons and complaint were served on the defendants, H. Benjamin and Virgil P. Kizer and the defendants, Adelaide D. Sasportas, and Erienne Hair Young, but that none of said other defendants were served. The defendant, Adelaide D. Sasportas, was served through the office of the Sheriff of Charleston County, and service on the defendant, Erienne Hair Young, was acknowledged by her attorneys; it does not appear from the record of said cause how service was effected on said Benjamin and Kizer, other than the fact that they were not served through the office of, or by, the Sheriff of Orangeburg County."

We have been unable to find any reference in the report of the special referee as to when service was made upon Adelaide D. Sasportas. Nor do we find any testimony to indicate when she was served. No date for such service appears to have been found as a finding of the special referee. The decree of the Honorable L. D. Lide, Circuit Judge, who heard the case upon exceptions to the findings of the special referee, gives this date as May 15, 1939, and so does the "Statement" in the transcript of record, but it does not appear from what evidence this date was obtained. The statement in the transcript of record says: "The evidence relating to the matter of service will be found in the testimony, which is hereinafter set forth," but the date of service upon Adelaide D. Sasportas is not given in the testimony which is set forth. There is nothing in the testimony before the special referee, or in the pleadings as set forth in the transcript of record, or in the findings of fact by the referee, to show when the defendants were served with the original summons and complaint. The finding of the referee on that point is:

"The records show that the original summons and complaint were lodged in the office of the Sheriff of Orangeburg

County on April 7th, 1939, and on the same day notice of the pendency of the action was filed in the office of the Clerk of Court for Orangeburg County, and thereafter the summons and complaint were served upon four of the defendants, to wit: Benjamin and Kizer, who resided in Orangeburg County, upon the defendant, Addie Sasportas, who resides in Charleston County, and upon Erienne S. Hair, who resides in the State of Florida."

Thus it does not appear from the present record of that proceeding whether Adelaide D. Sasportas and Erienne S. Hair were served with the original summons and complaint on April 7, 8, 9, or how long "thereafter," despite the fact that the circuit decree, which is based upon the record at that hearing, states that Adelaide D. Sasportas was not served until May 15, 1939. The service of the amended complaint, however, which was served only on Adelaide D. Sasportas and Erienne Hair Young, was acknowledged by their attorneys.

At the hearing before the referee, the will of E. D. Sasportas, admitted to probate by the Judge of Probate for Charleston County on March 20, 1930, was admitted in evidence. Under this will the real estate, the subject of this action, was devised to Adelaide D. Sasportas and Ellen F. Sasportas, and the survivor of them. There was also admitted in evidence the will of Ellen F. Sasportas, deceased, in which she devised her property to the defendant, Adelaide D. Sasportas.

The referee found as matters of fact, that E. D. Sasportas left as his heirs at law those named in the amended complaint; that after the death of E. D. Sasportas, the receiver of the Edisto National Bank assigned the note and mortgage to the plaintiff herein (the date of the assignment being alleged in the complaint as April 20, 1935); that various payments were made from time to time on the note and mortgage until November 1, 1931, on which date the last payment was made.

The referee found that on May 8, 1934, E. C. Houser, Jr., assisant delinquent tax collector for Orangeburg County, attempted to levy on this real estate for unpaid taxes due thereon; that in making the attempted levy the assistant delinquent tax collector did not have the tax execution with him; that the property was advertised and sold by the delinquent tax collector, and was bid in by the Forfeited Land Commission, in whose hands it remained until April 30, 1936, when the property not having been redeemed, the taxes were paid by the defendants Kizer and Benjamin pursuant to an arrangement between Kizer, Benjamin, and St. Mark Sasportas, the executor and legatee under the will of E. D. Sasportas, whereby these defendants were to receive the timber in consideration for having paid the taxes. Accordingly, on the said date, the defendants, Kizer and Benjamin, paid to the Delinquent Tax Collector of Orangeburg County the taxes on the said premises in the sum of $2,031.01; and, on May 27, 1936, at their request, the said collector conveyed the premises to the defendant, Erienne S. Hair, and thereafter, in July, 1938, the said property was conveyed by Erienne S. Hair to the defendant, Adelaide D. Sasportas, and in the meantime, the defendants, Kizer and Benjamin, had cut, removed, and converted to their own use the timber on the said premises.

The Referee further found that: "The testimony further shows that S. Mark Sasportas was the agent and attorney for the purchaser, Erienne S. Hair, and that the ultimate purchaser was a devisee under said will; there is no doubt of the fact that the defendants, Kizer and Benjamin, were repaid from the sale of the timber. Neither of the purchasing defendants claim to be innocent purchasers for value and without notice."

The referee held that the tax sale should have been cancelled and that no deed should have been made thereunder. The Circuit Judge appears to have been in full accord with this ruling, for in the circuit decree it is stated: "* * *

except in one vital particular I find myself in agreement with the well prepared report of the learned Referee. However, I do not concur with him upon the very essential question as to whether the lien of the mortgage involved herein had expired before the commencement of the action."

It is therefore not necessary for us to determine the validity of the tax sale except that we might say in passing that we fully concur in the disposition of this question made by the referee. In the case of *Glymph v. Smith et al.,* 180 S. C., 382, at page 388, 185 S. E., 911, at page 913, 105 A. L. R., 631, this Court said: "* * * It is sufficient for the sheriff or his regularly appointed deputy to enter upon such real estate, armed with the tax execution, exhibit it, and notify the owner that under the authority of the execution he has seized and taken possession of the land in his official capacity."

In the case of *Vallentine v. Robinson,* 188 S. C., 194, at page 206, 198 S. E., 197; at page 203, this Court said: "The action of the assistant of the Collector of Delinquent Taxes who made the levy in the present case parallels for informality the action of the deputy sheriff in the *Glymph v. Smith* case. In the present case the assistant did not have in his possession the execution under which he was supposed to be acting; he left no one in possession of the land under and by virtue of the execution and levy, and he was in no sense such officer as was authorized by section 2855 of the code to levy a tax execution."

Since the attempted levy in the present case was not made by a qualified officer of the law, and since the Assistant Delinquent Tax Collector did not have the execution with him when he made the attempted levy, we concur with the referee in his holding that the tax sale was void.

Upon the question as to whether the lien of the mortgage was barred by the statute of limitations, the referee states in his well-considered report:

"Section 8864 of 1932 Code of Laws provides that no mortgage or other lien on real estate shall constitute a lien

upon any real estate after the lapse of twenty years from the date of the maturity of the same. The issue to be determined is whether or not the action was commenced within this period. The mortgage in this case is dated April 9th, 1918, and is due one year from date, so that the due date would be April 9th, 1919, and the expiration period would be April 9th, 1939. If the plaintiff can establish that the action was commenced on April 7, 1939, the action will have been commenced within the statutory period   *   *   *.

"The determination of the issue requires the construction of Section 357 of the Code. It declares that 'an action is commenced as to each defendant when the summons is served on him, or on a co-defendant, who is a joint contractor, or otherwise united in interest with him.' This portion of the section relates to cases where the defendants are partners, joint obligors or perhaps tenants in common of real estate or personal property. It is clearly separable from the remaining portion of the section which is as follows: 'An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this title, when the summons is delivered with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendant or one of them usually or last resided;   *   *   *.'

"Under the facts of this case it is clear that the summons was delivered to the Sheriff of Orangeburg County; that the defendants, Benjamin and Kizer are and were residents of Orangeburg County, and that the fact that it was actually served upon at least four of the defendants, and the notice of the pendency of the action filed in the office of the Clerk of Court on the same day of the lodgement with the Sheriff was a declaration to all the world that the action had been commenced and was pending.

"*   *   *   I think they (Benjamin and Kizer) must be considered parties-defendant at the date of the lodgement. (April 7, 1939) and further that it is not necessary that

they be united in interest with the other defendants. But if it be held that it is necessary that they be thus united, I think the facts show that they are in fact united in interest. The mortgage, of course, covered both the land and the timber. The defendant, Addie Sasportas owns the land and the defendants, Benjamin and Kizer owned the timber and as it has been sold, they are presumed to own the proceeds, so I am of the opinion that they must be regarded as being united in interest with the other defendants in the meaning of the Statute. The action was therefore commenced within the Statutory period."

The report or the Special Referee, containing this ruling together with his decisions of other questions which are not involved in this appeal, was duly filed, and exceptions thereto were taken by the defendants, Adelaide D. Sasportas and Erienne S. Hair. These exceptions were heard by the Honorable L. D. Lide, presiding Judge, on November 27, 1940, who signed a decree, on January 6, 1941, holding that the lien of the mortgage has expired and that the bar of the statute is complete, and sustaining the exceptions on this point, and dismissing the complaint.

To the decree of the Circuit Judge, the plaintiff-appellant filed three exceptions, upon which the case comes to this Court for determination. These three exceptions are so related that they make only one question for our consideration: "Was the action properly and timely commenced in Orangeburg County as of April 7, 1939, by the lodging of the summons and complaint with the intent that it should be actually served and which was actually served subsequently, and in which the parties-defendant actually came in and demurred and subsequently answered?" The question, stated above in the language of appellant, is expressed even more tersely by the respondents as follows: "Has this action been commenced within twenty (20) years from the date of the maturity of the mortgage therein sought to be foreclosed?"

We have stated the facts of this equitable proceeding with somewhat more particularity than would have been necessary if the pertinent matters had been shown more clearly. The original mortgagor of this land died some time prior to March 20, 1930, and the original mortgagee has long since been in receivership. Ever since the year 1935, the mortgage has been in the hands of an assignee, and ever since the year 1930, the land has been owned by others than the original mortgagor. Even the original mortgagor did not reside in the county in which the land lay, nor did his devisee, Adelaide D. Sasportas, nor did Erienne S. Hair, who at one time claimed an interest in the land, nor, with one exception, did any of the heirs at law of E. D. Sasportas appear to reside in Orangeburg County. For reasons not explained in the record, payments on the note and mortgage were discontinued the year following the death of the mortgagor, whose will was not recorded in Orangeburg County, and apparently the fact of his death was not immediately known by the mortgagee or its assignee. Adelaide D. Sasportas, the present owner of the land, has never resided in Orangeburg County, and Erienne S. Hair is a resident of Florida. Thus, through the various vicissitudes of the parties who are now or who were in the past interested in this mortgage, many facts of outstanding value in determining the case are now shrouded in obscurity, and it is thus necessary that we have before us fully such facts as have been brought to light, from which more complete inferences may be deduced.

If the facts, after three years of litigation, are still obscure, they were even more vague before the answers were filed, at which time the Honorable M. M. Mann was called upon to do substantial justice between the parties when he had before him only the original complaint and the demurrers thereto, in which the only issue was that an action in trespass should not be joined in the same action with a foreclosure proceeding. Adelaide D. Sasportas and Erienne S. Hair filed their demurrer on the grounds indicated without any mention of any objection to the date of service upon them.

One of the maxims in equity is that "Equity delights to do justice, and that not by halves." With the meager facts, and the solitary issue before him as contained in the demurrers, it was impossible for Judge Mann to accomplish substantial justice between the parties, as is the province of equity. In 30 C. J. S., Equity, p. 707, § 261, we find the following discussion of the nature and function of demurrers in equity:

"A demurrer is an allegation of a defendant, which, admitting the matters of fact alleged by the bill to be true, shows that as they are therein set forth they are insufficient for plaintiff to proceed on, or to oblige defendant to answer. * * *

"Demurrers are no favorites of courts of equity." Citing *Harlan v. Lee,* 177 Md., 437, 9 A. (2d), 839.

The function of a demurrer is to test the sufficiency of the complaint. This Judge Mann did, finding it meritorious subject to the necessity for amendment, in order to eliminate the cause of action in tort, which the plaintiff had attempted to join in the equitable action of foreclosure. Judge Mann held, in effect, that the Court acquired jurisdiction of the parties and of the subject-matter of the complaint as of the date of the filing of the notice of the pendency of the action with the Clerk of Court, and of the lodging of the complaint and the copies thereof with the sheriff, namely, on April 7, 1939. If that be not the effect of Judge Mann's order, then when did the Court acquire jurisdiction? The complaint was not dismissed, and the Court retained jurisdiction of the parties, as a result of the order requiring that the complaint be amended but not dismissed.

The defendants-respondents state in their brief: "The jurisdiction of the said Court has never been questioned by the respondents, and no attempt is now made to oust the Court of the said jurisdiction." And again in their brief the respondents say: "The jurisdiction of the Court is not lost by reason of the striking of the defendants, Benjamin and Kizer, as parties defendant, * * *." If jurisdiction

was not lost at that time, when was it acquired in the first instance?

The Court having properly acquired jurisdiction, for reasons which we will discuss more fully later, the order of Judge Mann properly provided: "The cause of action against the remaining defendants for the foreclosure of the note and mortgage should not be disturbed and the ends of justice will be served by allowing the action thus amended to proceed."

In the case of *Ashe v. Gray,* 90 N. C., 137, it was held: "Where a complaint contains a cause of action of which the court has not, and others of which it has jurisdiction * * * on demurrer, the effect of misjoinder is to separate the causes of action, not to put an end to the suit."

The order of Judge Mann kept the action alive as to the defendants, Adelaide D. Sasportas and Erienne S. Hair, the Court having acquired jurisdiction of the parties in a foreclosure action which, since the land in question was situate in Orangeburg County, could not have been brought elsewhere, regardless of the fact that neither defendant in the foreclosure issue was a resident of that county. Although Judge Mann's order specifically provided that the cause of action against them should not be disturbed and that the amended action should proceed, no appeal from this order was taken by Adelaide D. Sasportas or by Erienne S. Hair. As was said in the Circuit Decree with respect to another phase of Judge Mann's order, but which is equally apt here: " * * * no appeal was taken from the order of Judge Mann. Hence it became and is the law of the case."

There is no question as to the timely filing, on April 7, 1939, of the notice of the pendency of the action in the office of the Clerk of Court, under the terms of Section 432, of the Code for 1932, from which we quote: " * * * From the time of filing only, shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby; and every person whose conveyance or encumbrance is subsequently executed or subse-

quently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were made a party to the action. For the purposes of this section, an action shall be deemed to be pending from the time of filing such notice: Provided, however, That such notice shall be of no avail, unless it shall be followed * * * by the personal service thereof, on a defendant within sixty days after such filing * * *."

The plaintiff carefully complied with the foregoing requirements, and there is no doubt that "for the purposes of this section" the action was commenced on April 7, 1939.

Section 357 of the Code of 1932 contains the following porvision: " * * * An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this title, when the summons is delivered with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendant or one of them usually or last resided; * * *."

The plaintiff likewise complied with the spirit and the letter of this provision of the law. The fact that the summons was served on two resident defendants in Orangeburg County definitely indicates that such intent existed when the summons and complaint were lodged with the sheriff. Such intent is also shown by the fact that Mrs. F. A. Blythewood, an heir-at-law of E. D. Sasportas and a resident of the City and County of Orangeburg, was named as a party to the action. There was testimony to the effect that Mrs. Blythewood was out of the city and therefore could not be served with the original summons, but this did not militate against the intent that she be served. Thus we are of the opinion that the summons was delivered to the sheriff of the county in which not only one, but three, of the defendants actually resided, and that such delivery was made with the intent that service be perfected. And as we have seen, service was also intentionally perfected on two defendants who were not residents of that county. An attempt to commence the

action was obviously made on April 7, 1939, and under the facts attending the attempt, this became, under the statute, the equivalent of its actual commencement as of that date against defendants who came in, demurred, and later, after the action had been litigated on demurrer for some time, finally filed answers objecting to the date of commencement of the action only after the defendants, Benjamin and Kizer, had successfully effected a separation of the two causes of action.

In the case of *Halsey v. Minnesota-South Carolina Land & Timber Co.,* 168 S. C., 18, 166 S. E., 626, 628, this Court said:

"In *Strickland v. Strickland,* 95 S. C., 492, 79 S. E., 520, 521, the court says: 'In such cases, when the court has properly acquired jurisdiction of the parties, the rendition of a judgment in favor of the party whose residence in the county of trial gave the court jurisdiction of the other defendants could not have the effect of ousting the jurisdiction.'

"In 7 R. C. L., page 1045, it is said: 'After a court once acquires jurisdiction of the person and subject-matter, the death, removal from the county, or resignation from office of one of the defendants will not abate the suit, and the Court will have power and authority to proceed to final judgment or decree.'

"If the jurisdiction of the court be not fixed as of the commencement of the action, a suit fraught with great confusion can well be imagined. Let us suppose an action for a joint tort be commenced in Charleston county against a resident of that county and residents of several neighboring counties. Before trial the Charleston resident dies, and the action did not survive. Each of the non-residents would make application to the court for a transfer of the cause to his county; these applications being made without priority as to time * * *."

Thus, if the Court did not lose jurisdiction when the tort action was stricken from the complaint in the instant case,

then the action must be said to have been commenced within time.

In the case of *Morgan v. Morgan,* 45 S. C., 323, on page 335, 23 S. E., 64, on page 68, this Court said: " * * * action is begun when process is lodged with the sheriff for service, *bona fide,* upon the defendant.. * * * "

The same view. was held by this Court in the case of *Montague v. Stelts,* 37 S. C., 200, on page 212, 15 S. E., 968, 34 Am. St. Rep., 736, in which an analysis of the question as to when the action was commenced is presented.

Under these authorities, we think that the service related back to the original commencement of the action on April 7, 1939. Entirely apart from the foregoing facts, we have seen that the defendant, Adelaide D. Sasportas, did not support her plea of the Statute of Limitations by alleging when she was served; nor is there any testimony on this point in the transcript, or any finding of fact as to this date by the special Referee. It would be difficult to sustain her affirmative plea when the pleadings and the proceedings before the Referee, as contained in the transcript, are without sufficient facts to guide us.

In the very recent case of *Robinson v. Watson et al.,* 198 S. C., 396, 18 S. E. (2d), 215, this question was involved, although the precise issue here was not involved. In that case the Court said at page 402 of 198 S. C., at page 217 of 18 S. E. (2d):

"We find it also settled that the status of the lien and the effect of the statute are determined at the time of the commencement of a proper action to foreclose the lien or renew its period of activity. The point was decided in another early case, *Adams v. Richardson,* 32 S. C., 139, 10 S. E., 931, which involved the revival of the lien of a judgment wherein a proper proceeding therefor was commenced within the statutory period of twenty years from the date of the original entry but, in the words of the opinion, 'from delays in the litigation * * * at the time this order (of revival and leave to renew the execution) was granted, the 20 years

had expired; and it is urged that the judgment was then paid by operation of law, and therefore could not be revived.' But the Court expressly declined to accept that view and likened the problem to that of counting time under a plea of the Statute of Limitations, and the rule was stated that the counting should stop at the commencement of the action, and it was said that the case should be considered as it stood when the proceeding was instituted."

Section 357, of the Code of 1932, contains the following provision: "An action is commenced as to each defendant when the summons is served on him, or on a co-defendant, who is a joint contractor, or otherwise united in interest with him."

It is stated in the Circuit decree that since no appeal was taken from the order of Judge Mann, his order on the demurrers became the law of the case. But it should be noted that Judge Mann nowhere said that the defendants Benjamin and Kizer were not united in interest with the defendants Adelaide D. Sasportas and Erienne S. Hair. Judge Mann could rule only on the allegations of the complaint which was before him. He held that the complaint stated two causes of action, one against the heirs of E. D. Sasportas for foreclosure, and one against Benjamin and Kizer for tort. He held that the complaint alleged no joint act or liability between these two separate sets of defendants, and that hence no judgment that could be rendered could affect alike all the parties. Therefore, he held that the objection to the presence of the cause of action against Benjamin and Kizer must be sustained, but that the cause of action against the remaining defendants should not be disturbed.

It is thus clear that Judge Mann did not, and could not, hold that there was no unity of interest between Benjamin and Kizer and the heirs of E. D. Sasportas. Nothing more was before him than appeared on the fact of the original complaint. He could only pass upon the question of whether the allegations of the complaint were such that there was stated a single cause of action or two separate causes of ac-

tion. He held that separate actions were misjoined, not that only one right of action existed. In fact, his order provided that: "The Complaint does state two separate causes of action." The fact that the complaint did not state a single cause of action against all the defendants did not mean that Benjamin and Kizer were not united in interest with the other defendants, or that no cause of action existed against Benjamin and Kizer for the tort of trespass, or for cutting and removing timber from the mortgaged premises. It is true that our procedure prevents the joinder of an action of that nature against these defendants with the other action in this case, but this is far from saying that such action did not exist. Judge Mann was concerned with the impropriety of the joinder and the failure of the complaint to allege a joint liability or act.

It would appear from the record in this case, from facts which were brought to light after Judge Mann had passed upon the demurrers, that there were joint acts between Kizer and Benjamin and some of the other defendants, and that these acts took place between April, 1936, and July, 1938, when the lien of the mortgage was well within the twenty-year period and there was no question of a bar by the Statute of Limitations. Between those dates the Referee found that the defendants, Kizer and Benjamin "had cut, removed and converted to their own use the timber on said premises." The Referee further found that after the attempted levy upon the land for taxes, the property was bid in by the Forfeit Land Commission, in whose hands it remained until the defendants, Benjamin and Kizer, paid the taxes which were in the amount of $2,031.01, pursuant to an arrangement which Benjamin and Kizer had made with St. Mark Sasportas, executor and legatee under the will of E. D. Sasportas, whereby Benjamin and Kizer were to receive the timber (which, as well as the land, was covered by the mortgage) in return for the tax payment of $2,031.01. The Referee also found that St. Mark Sasportas, in addition to his other capacities, was the agent and attorney for Erienne

S. Hair, to whom the tax deed was made at the request of Benjamin and Kizer.

But in answer of Erienne Hare Young (Erienne S. Hair) it is alleged that the premises were conveyed to her by the Collector of Delinquent Taxes of Orangeburg County "for a consideration of $1,885.25." And in the answer of Adelaide D. Sasportas it is alleged: "That the said premises not being redeemed within the redemption period allowed by law, the said C. R. Williams, Collector of Delinquent Taxes for Orangeburg County, for a consideration of $1,885.25, executed his certain deed, dated May 27th, 1936, to the said Erienne S. Hair, covering the property described in the said amended complaint."

Under these allegations, if Erienne S. Hair paid the taxes in the amount of $1,885.25 to the Delinquent Tax Collector as the consideration for the property being conveyed to her, then who received the $2,031.01 which Benjamin and Kizer paid for taxes? Or, if Benjamin and Kizer paid them as was found by the Referee, how are we to interpret the allegations of Adelaide D. Sasportas and Erienne S. Hair to the effect that Erienne S. Hair paid the taxes? In any event, it was found that Benjamin and Kizer obtained the encumbered timber, which was in detriment of the interests of the holder of the mortgage. Meanwhile, Erienne S. Hair, under her tax deed, which was void, on July —, 1938, attempted to convey the real estate to Adelaide D. Sasportas by a deed which does not appear to have been ever recorded, all within the life of the mortgage, and if such transfer had accomplished its apparent purpose, the lien of the mortgage would have been divested. Under this complicated arrangement it does not appear whether St. Mark Sasportas was acting as executor, legatee, agent, or attorney, or in whose interest he was acting. But it does appear that he was the agent of Erienne S. Hair, and that Benjamin and Kizer received the encumbered timber, and that the proceeds were not turned over to the holder of the mortgage.

Much is left to conjecture about this curious transaction. But the Circuit decree has not disturbed the Referee's finding that the attempted levy and the tax deed were void, and from this standpoint Adelaide D. Sasportas, who had owned the land before the tax sale, did not, by a circuitous route, obtain the property shortly thereafter free from the lien of the mortgage. Also, it appears that Benjamin and Kizer, who had invested $2,031.01 in the property (an amount which seems to be at variance with the amount of the taxes as alleged by Adelaide D. Sasportas and Erienne S. Hair) and who had cut the timber by permission of St. Mark Sasportas in return for paying the taxes, certainly were united in interest with one or both of the other defendants who were served, although the complaint did not allege such an interest as could be joined in this action.

It also appears to us that the plaintiff was not in a position to know, until the action was filed, just who the interested parties were. E. D. Sasportas, the mortgagor, had not been a resident of Orangeburg County during the period with which we are concerned, nor was his will recorded there. Such payments as were made on the mortgage were paid before the present assignee obtained the mortgage, and even these payments had ceased in 1931. From the fact that the plaintiff felt it necessary to bring suit against all the heirs, when Adelaide D. Sasportas later proved to be the owner of the property, it appears that the plaintiff did not even know who owned the land.

This is borne out by the fact, already alluded to, that there is no allegation or finding by the Referee that the deed from Erienne S. Hair to Adelaide D. Sasportas was ever recorded. Meanwhile, neither party to this conveyance lived in Orangeburg County, nor was it known where any of the other heirs resided, except that Mrs. F. A. Blythewood lived in Orangeburg. And regardless of whether Erienne S. Hair resided in Florida, or Adelaide D. Sasportas in Charleston the action, being "for the foreclosure of a mortgage of real property," under Section 420, of the Code of 1932, could not have

been brought in any county except that "in which the subject of the action, or some part thereof, is situated."

The delay of the plaintiff in bringing the action had operated strongly to the benefit of the defendants, or some of them, since during the years of tolerance by the plaintiff it had not received any payments of interest since it acquired the mortgage, and its timber was irrevocably gone. Despite the fact that the plaintiff did not know against whom to proceed, it could not wait longer to ascertain more facts as to where personal service could be had on the proper parties, because its right of action would have expired after April 9, which, being on Sunday, in 1939, would have prohibited an action being commenced on that date.

When the demurrers were heard, Judge Mann did not have before him the salient facts which materialized only after the answers were filed. With the meager facts contained in the complaint, he was unable to do more complete justice between the parties than to follow the dictum enunciated in 21 R. C. L., 506, Section 70: "It is a universal rule that a demurrer is an admission of the truth of all the facts properly averred in the pleading demurred to. It admits, however, only such facts as are well pleaded, and all intendments and inferences that may fairly and reasonably be drawn therefrom. And these facts will be construed in the light most favorable to the plaintiff."

In accordance with the foregoing principle of law, Judge Mann properly included in his order the express provision that the action in foreclosure should not be disturbed, and that the case should proceed after proper amendments had been made. The defendants-respondents did not appeal from this order, and the proper amendments were properly made.

Judge Lide expressly limits his decision to the question of the Statute of Limitations. He heartily concurs in the report of the Special Referee in all other respects.

The exceptions are sustained and the decree of the Circuit Court is reversed.

Mr. Associate Justice Stukes (in result) and Circuit Judge G. B. Greene, Acting Associate Justice, concur.

Messrs. Associate Justices Baker and Fishburne dissent.

Mr. Associate Justice Fishburne (dissenting) : I think that the Court below correctly held, for reasons fully set forth in Judge Lide's decree, that the lien of the mortgage had expired before the commencement of the action, and that the provisions of the Statute of Limitations require the dismissal of the complaint.

In my opinion, the judgment of the Circuit Court should be affirmed, and I, therefore, adopt the decree of that Court as a dissenting opinion. Let it be reported.

Mr. Associate Justice Baker concurs.

The Circuit Order of Judge Lide, requested to be reported as a dissenting opinion, follows :

This is an action for the foreclosure of a real estate mortgage, and the cause was referred to Honorable John S. Bowman, County Judge, as Special Referee, by a general order of reference dated November 10, 1939. Pursuant thereto testimony was taken and the report of the Special Referee, dated May 14, 1940, was duly filed, whereupon exceptions were taken thereto which were argued before me at my chambers in Orangeburg, on November 27, 1940, and the matter was taken under advisement.

These exceptions need not be considered in detail, especially for the reason that except in one vital particular I find myself in agreement with the well-prepared report of the learned Referee. However, I do not concur with him upon the very essential question as to whether the lien of the mortgage involved herein had expired before the commencement of the action. It was his view that the action had been commenced before the expiration of the lien because in his opinion there was compliance by the plaintiff with the provisions of Section 357, Code 1932, while after a careful review of the entire record, in the light of the terms of this section, I am impelled to hold that the lien had expired before

the action was commenced, or attempted to be commenced, within the meaning of that section, and that the provisions of the Statutes of Limitations require the dismissal of the complaint.

The mortgage involved in this action covers a certain tract of land in Orangeburg County, and was given on April 9, 1918, by Edgar D. Sasportas, to the Edisto National Bank, of Orangeburg, South Carolina, to secure a note of even date in the sum of $1,083.00, maturing one year after date, with discount before and interest after maturity, at the rate of eight per cent. per annum, payable annually; and the mortgage was duly recorded on April 12, 1918. Various payments were made thereon, but it appears that the last payment was made on November 1, 1931, and there was no acknowledgment of amount due, or any note of a payment, recorded. The mortgage, including the indebtedness thereby secured, was in due course acquired by the plaintiff above named. The mortgagor, a resident of Charleston County, died some time in the year 1930, leaving in full force and effect his last will and testament admitted to probate in that county on March 20, 1930, under which the mortgaged premises were devised to Ellen F. Sasportas and Adelaide D. Sasportas, or the survivor; and thereafter Ellen F. Sasportas died leaving in full force and effect her last will and testament, whereby the said Adelaide D. Sasportas acquired the interest of the testatrix in the land in question, and thus became the sole owner in fee of the mortgaged premises. And she was such sole owner at and before the commencement of this action although in the meantime, it appears that the land was sold for taxes and was acquired by the defendant Erienne S. Hair (now Erienne H. Young), who afterwards conveyed such interest as she might have acquired under the tax deed to Adelaide D. Sasportas, the latter being designated in the title to the pleading as Addie Sasportas.

The original complaint herein alleges the execution of the note and mortgage, their ownership by the plaintiff, and

that they are past due and unpaid, the alleged balance due being $959.00, with interest from November 1, 1931, and further alleges that the mortgagor has died leaving as his sole heirs-at-law his nieces and nephews named as defendants, including Addie Sasportas; and also alleges that the defendant Erienne S. Hair is made a party because she "has or claims" some interest in the mortgaged premises; and it is then further alleged that the defendants H. Benjamin and Virgil P. Kizer had gone on the mortgaged real estate and cut the timber therefrom, for which they should be made to account to the plaintiff, and that judgment should be had against them for $5,000.00 and for the damages done by them to the premises. The prayer of the complaint is for judgment against Benjamin and Kizer in the sum of $5,-000.00 and for the usual relief in a foreclosure suit, including judgment for the mortgage debt, but it should be stated that a deficiency judgment could not have been rendered because the executor of the will of the deceased mortgagor was not made a party to the cause.

· As will be seen from the foregoing, the lien of the mortgage expired on April 9, 1939, pursuant to the terms and provisions of Section 8864, Code 1932, nothing having been done thereunder to extend the lien. The original summons and complaint were not served on Adelaide D. Sasportas until May 15, 1939, at which time they were personally served on her at Charleston, S. C., by the sheriff of Charleston County. Hence of course it is quite clear that the lien had expired at the time the service was made, and the plea of the Statutes of Limitations constitutes a complete bar, unless the case comes within the provisions of Section 357, Code 1932, relating to the commencement of an action by an attempt to do so, as therein provided. Hence it will be necessary to state the facts relating to the commencement of the action in some detail.

The original summons and complaint were lodged in the office of the sheriff of Orangeburg County on the 7th day of April, 1939, two days before the expiration of the lien,

and while the records in the sheriff's office do not show that copies thereof were filed with the original for the purpose of service, it does appear from the testimony of one of the attorneys for the plaintiff that such copies were filed for this purpose, although they were withdrawn later, because it was learned that certain of the defendants resided in Charleston. The defendants Benjamin and Kizer did reside in Orangeburg County and they were served, although just when and by whom does not appear in the record.

However, the point was duly raised by demurrer that Benjamin and Kizer were not proper parties to this action and that two causes of action which could not be united were attempted to be stated in the original complaint. The matter came on for a hearing before Hon. M. M. Mann, presiding Judge, and he sustained these demurrers and dismissed the defendants Benjamin and Kizer from the suit, the following being the pertinent portions of his order, dated August 29, 1939:

"That the demurrers are sustained in so far as the improper and irrelevant presence of the defendants Benjamin and Kizer is concerned and their names are stricken as parties defendant; that the plaintiff have leave to amend its complaint, if it so desire, in such particulars as it may desire, within five days from the filing of this order; and that the defendants have twenty-five days from the filing of this order to answer or plead as they may be advised."

This was a clear adjudication by the Court that Benjamin and Kizer were not, and never were, proper parties to the cause, and no appeal was taken from the order of Judge Mann. Hence it became and is the law of the case. And indeed, it is difficult to see how any other conclusion could have been reached by the Court in the consideration of the original complaint.

Furthermore, it appears from the undisputed evidence in the record, and it was so found by the Special Referee, that the land was sold for delinquent taxes some time in the year 1934, and that thereafter, some time in the year 1936, these

taxes were paid by the defendants Benjamin and Kizer under an agreement made with a representative of the estate of Edgar D. Sasportas, in consideration of which they acquired the timber on the premises, which they had cut and removed prior to the commencement of this action. As a part of this same arrangement Erienne H. Young acquired the tax title, which she subsequently conveyed to Adelaide D. Sasportas.

Pursuant to the order of Judge Mann the complaint was duly amended, and as so amended it states a single cause of action for the foreclosure of the mortgage given by Edgar D. Sasportas, alleging that he left as his heirs-at-law his nieces and nephews, including Adelaide D. Sasportas; and further, that the defendant Hair was made a party because she has or claims some interest in the mortgaged real estate. The prayer of the complaint is for judgment and for a decree of foreclosure; and as stated with reference to the original complaint, it is likewise true of the amended complaint that there is no basis for a deficiency judgment.

Adelaide D. Sasportas and Erienne H. Young were the only defendants served with the amended complaint. In fact the heirs-at-law of Edgar D. Sasportas named as defendants (except Adelaide D. Sasportas) were not served with the original summons and complaint, although one of them resided in Orangeburg County, but they had no interest whatever in the land and of course were not proper parties, having been named as defendants by mistake.

The defendants Erienne H. Young and Adelaide D. Sasportas answered the amended complaint, and the Young answer shows that she claims no interest whatever in the mortgaged premises, although she had previously acquired a tax title thereto, having subsequently conveyed the same to Adelaide D. Sasportas. The Sasportas answer to the amended complaint sets up among other things the Statute of Limitations (Section 8864 and 387, Code 1932), the same being fully and correctly pleaded.

It is provided in Section 357 that an action is commenced as to each defendant when the summons is served on him

"or on a co-defendant, who is a joint contractor, or otherwise united in interest with him." So far as this provision of the section is concerned it is clear that it has no effect on the instant action. But the plaintiff contends that the instant case comes within the remainder of the section, which is as follows:

"An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this title, when the summons is delivered with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendant or one of them usually or last resided; or, if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business."

The delivery of a summons to a sheriff with intent that it shall be actually served is rightly made equivalent to such service, because normally process is diligently served by an officer of the Court; and if the summons in the instant case had been delivered to the sheriff of Charleston County on or before April 9, 1939, with intent that it should be served, there is no doubt but that the action would under the statute be deemed to have been commenced at that time. although service was actually made later. But here the summons was delivered to the sheriff of Orangeburg County, in which county it appears that neither the defendant Adelaide D. Sasportas, nor the defendant Erienne H. Young, had ever resided. In fact, the latter defendant resided outside the State.

However, the language of the section is that it shall be delivered to the sheriff of the county "in which the defendant or one of them usually or last resided." And it is argued that since the defendants Benjamin and Kizer actually lived in Orangeburg County the delivery to the sheriff of Orangeburg County was sufficient to commence this action against the other defendants who were afterwards served.

This section has been referred to in a few cases by our Supreme Court, but the point involved in the instant case has never been before the Court. See *Montague v. Stelts,* 37 S. C., 200, 15 S. E., 968, 34 Am. St. Rep., 736, and *Morgan v. Morgan,* 45 S. C., 323, 23 S. E., 64. But giving full face value to the language of the section, while delivery of the summons to the sheriff of a county with intent that the same be served is sufficient if any of the defendants reside in that county, yet such resident defendant must of course be at least a proper party to the cause, for obviously one could not toll the Statute of Limitations by adding some person as a party defendant who has no place in the action. The complaint must therefore show on its face that any such resident defendant is a proper party. But here we have an adjudication of the Court to the effect that Benjamin and Kizer, the resident defendants, were not proper parties to this action, and they have been dismissed therefrom and their names stricken out. "The effect of an order striking out the name of a defendant is as if such defendant had never been a party." 47 C. J., 171. How then can it be said that any of the defendants, within the meaning of Section 357, resided in Orangeburg County?

The notice of the pendency of the action was filed in the office of the Clerk of Court of Orangeburg County on April 7, 1939, and it is contended that this in itself was a sufficient commencement of the action. But it is quite obvious that the filing of a *lis pendens,* including the filing of the summons and complaint, in the clerk's office does not constitute the actual commencement of an action, for the only purpose of filing a *lis pendens* is to give notice to a purchaser or an encumbrancer of the property affected thereby; and it is provided in Section 432, Code 1932, relating to a *lis pendens,* that "For the purposes of this section, an action shall be deemed to be pending from the time of filing such notice," provided, that service shall be made within sixty days after such filing, etc. Hence it will be seen that under the express provisions of this section the action is deemed pending only

for the purposes therein stated, to wit, to give notice to third parties.

My conclusion is that with Benjamin and Kizer eliminated the action as originally commenced was solely against the defendants Adelaide D. Sasportas and Erienne S. Hair Young, and since they were not served on or before April 9, 1939, the lien of the mortgage has expired and the bar of the statutes is complete, and hence the exceptions to the report of the Special Referee on this point should be sustained, and the complaint dismissed with costs. And it is so ordered.