16921

MRS. T. J. BELL v. CITY OF ANDERSON
(84 S. E. (2d) 343)

*John K. Hood, Jr., Esq.,* of Anderson, *for Appellant,*

*Robert L. Ballentine, Esq.,* of Anderson, *for Respondent,*

October 28, 1954.

STUKES, Justice.

The respondent in this appeal recovered verdict and judg-
ment in tort against appellant perforce section 47-71 of the
Code of 1952, the concluding provisions of which follow:

"Before any action shall be brought hereunder a claim duly certified shall be filed with such municipal corporation within three months after the date of such injury or damage or action commenced within such time on a verified complaint. If such verified claim be filed within the time herein fixed an action shall be commenced within one year from the date of filing thereof or such cause of action shall thereafter be barred."

The injury and damage occurred on March 21, 1952. Claim was not filed but summons and verified complaint were delivered by respondent to the sheriff of Anderson county. for service upon the defendant, which is a municipal corporation of that county, on the last day of the three months' period after the date of injury. This was a Saturday and the sheriff was unsuccessful in his efforts to serve the summons and complaint upon the appellant because its executive offices were closed that afternoon, and they were not served until three days later.

Upon motions by appellant for directed verdict and judgment *non obstante veredicto* the trial court ruled that there was timely compliance with section 47-71, which is quoted above, under the terms of section 10-101 which provides that an attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of that title, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendant, if a corporation, is established by law, etc. It is interesting that the federal rule is substantially the same. Rule 3, Federal Rules of Civil Procedure, 28 U. S. C. A. *Macri v. Flaherty,* D. C., 115 F. Supp. 739.

Appellant invokes the rule that the enabling statute under which respondent sued and recovered is in derogation of appellant's ordinary immunity from suit and the statute must, therefore, be strictly construed. *United States Casualty Co. v. State Highway Department,* 155 S. C. 77, 151 S. E. 887. The cited rule was recently referred to in *Jeff Hunt Machinery Co. v. South Carolina State Highway Department,*

217 S. C. 423, 60 S. E. (2d) 859, in which it was held that it should not be applied to the extent that the result would be to defeat the legislative intent; and like other rules of statutory construction, it serves merely to ascertain the intention of the legislature as expressed in the statute.

When the General Assembly enacted section 47-71 it had before it the long-prior existing section 10-101 which defined such an attempt to commence an action as the equivalent of the actual commencement. Tested by the terms of section 10-101, respondent complied with the requirement of section 47-71 when she placed in the hands of the sheriff within three months after her injury the summons and verified complaint with the intention that they be served upon appellant. It would be more than strict construction against her to hold that she lost her right of recovery because of the failure of the sheriff to serve the process upon the appellant immediately. The effect in this case of section 10-101 was to relate the actual service of the verified complaint back within the three months' period. "Under these authorities, we think that the service related back to the original commencement of the action," *First National Bank of Holly Hill v. Hair,* 200 S. C. 36, 20 S. E. (2d) 219, 226.

Appellant urges the persuasive authority of *Pearson v. Newton County,* 119 Ga. 863, 47 S. E. 180, where the statute required the filing of claim within one year. A day or so before the expiration of this limit claimant filed suit in the office of the Clerk of Court which was not served until several days afterward. The action was dismissed but a vital distinction between that case and this is that it does not appear that Georgia then had a statute similar in terms to our code section 10-101, which requires opposite result here.

The established distinction between the statute of limitations upon remedies and a limitation affixed to a statutory cause of action as an integral part of it, *Sellers v. Lewis & Holmes M. F. Corp.,* 215 S. C. 256, 54 S. E. (2d) 806, is of no present importance because of the statutes which

have been cited; they must be construed together and both given effect, with the result which has been indicated.

The exceptions are overruled and the judgment affirmed.

TAYLOR, OXNER and LEGGE, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.