17682

Robert V. PINKSTON, Respondent, v. W. A. MORRALL, John F. Morrall, Norman G. Morrall, all d/b/a Morrall Furniture Company, and The City of Beaufort, South Carolina, of whom The City of Beaufort, South Carolina is, Appellant

(115 S. E. (2d) 286)

*Messrs. Thomas & Thomas, Felix B. Greene, Jr.,* and *William N. Levin,* of Beaufort, *for Appellant,*

*Messrs. Joab M. Dowling, G. G. Dowling* and *Marvin H. Dukes,* of Beaufort, *for Respondent,*

July 12, 1960.

STUKES, Chief Justice.

This is an appeal from an order overruling demurrer which was interposed by the City of Beaufort to the complaint of respondent. It was alleged in the latter that respond-

ent received personal injuries in a motor vehicle accident in which three vehicles were involved. One was the truck of respondent's employer which respondent had parked on the sidewalk at a warehouse door and he was engaged in loading it. A truck of the city was parked behind respondent's employer's truck and in close proximity to it, partly on the sidewalk and partly on the street. The truck of Morrall Furniture Company was driven around the corner, struck the city truck, drove it forward and respondent was caught between it and his employer's truck.

It is elementary that a municipality, which the City of Beaufort is, partakes of the immunity of the State from actions in tort, 14 S. C. Dig., Municipal Corporations, 723 *et seq.,* p. 324 *et seq.,* and is subject to an action such as this only when the action is expressly permitted by statute. *Ibid.* As to the construction of any such statute, and particularly this, see *Bell v. City of Anderson, infra,* 226 S. C. 145, 84 S. E. (2d) 343.

The statute here invoked and under which this action was brought is Section 47-71 of the Code of 1952, in pertinent part as follows:

"Any person suffering bodily injuries, property damage or death by reason of the careless or negligent management or operation of any motor vehicle under the control of any municipal corporation, engaged in the business of such corporation, may recover in any action against such corporation such actual damages, not exceeding four thousand dollars, sustained by reason thereof. No recovery may be had hereunder if the plaintiff has brought about such injury, death or damage by his negligence or negligently or carelessly contributed thereto or *if such plaintiff's injury or damage was brought about by the contributory negligence of any third person.* * * *" (Emphasis added.)

This case appears to be the first to reach this court involving the above-quoted portion of the statute. The concluding limitation provisions, which are not quoted, were

the subject of *Bell v. City of Anderson, supra,* 226 S. C. 145, 84 S. E. (2d) 343. The present question was not presented in that case. The statute had its origin in Act No. 180 of 1949, 46 Stat. 272, so it is rather recent. In addition to the *Bell case,* it was cited in *Mullins Hospital v. Squires,* 233 S. C. 186, 104 S. E. (2d) 161. The key provision of the statute, so far as this case is concerned, is, as will be seen, the last provision quoted and emphasized above, "No recovery may be had * * * if such plaintiff's injury or damage was brought about by the contributory negligence of any third person."

. .The amended complaint alleges, following the statute, that respondent's injuries were not caused by his negligence, etc., and, continuing, quoting from the complaint, "Nor were they caused by the contributory negligence, carelessness or recklessness of any third person but, on the contrary, they .were due to and caused by, and were the direct and proximate result of, the joint and concurrent negligence, carelessness and recklessness of the defendants, W. A. Morrall, John F. Morrall and Norman G. Morrall and the City of Beaufort, South Carolina, their agents and servants, in the following particulars", etc. Then follows the specifications of negligence, first of the Morralls and then of the City of Beaufort. It was further alleged in the concluding paragraph of the complaint, quoting, "That by reason of the joint and concurrent negligence, carelessness and recklessness of the defendants * * * and as a direct and proximate result thereof, plaintiff received serious injuries to his person," etc.

The second ground of the demurrer of the City follows:

"The complaint alleges that the negligence of the defendants, W. A. Morrall, John F. Morrall and Norman G. Morrall, in certain particulars was a direct and proximate cause of plaintiff's injuries; and plaintiff therefore cannot recover since, under the statute authorizing suit against the City of Beaufort, no recovery can be had thereunder if plaintiff's

injury or damage was brought about by the contributory negligence of any third person."

It and the other grounds of the demurrer were overruled by the lower court without discussion or statement of reason or ground. Consideration of the above-quoted ground of the demurrer will be dispositive of the appeal.

Respondent would sustain the order under appeal by dictionary and case definitions of "contributory negligence" as that term is ordinarily used in the law of negligence, which generally and briefly, is the negligence of a plaintiff contributing to his injury as a proximate cause, without which the injury would not have occurred. 14 S. C. Dig., Negligence, 65 *et seq.*, p. 435 *et seq.*

However, it is plain to us that such was not the meaning of the term as used in the statute which excludes liability of a municipality if the injury is contributed to by the negligence of a third person. Those are the words of the statute, quoted above. The contributory negligence of a plaintiff, as the term is ordinarily used, was expressly made a ground of exclusion of liability by the preceding provision of the statute providing for such, quoting, "if the plaintiff has brought about such injury, death or damage by his negligence or negligently or carelessly contributed thereto * * *." In view of this provision of the statute it is clear that the framers of the law attached a meaning to the term "contributory negligence" of a third person different from that which it ordinarily has.

The statute provided relief where none existed before and it was reasonable to provide such only in cases where the municipality's negligence is the sole cause of a plaintiff's injury, and deny it when a third person may be held liable. And the latter is alleged in the complaint, *i. e.,* that the Morralls are liable to respondent for his injuries. This we think is the meaning of the statute. The lower court must have been confused by the inept use of the adjective "contributory"; its meaning in the context is, nevertheless, clear enough.

The demurrer of the City of Beaufort should have been sustained.

Reversed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.