21198

Vernon S. TAYLOR, Jr., Respondent, v. Perry I. BRYANT and Pilot
Freight Carriers, Inc., Appellants.

(265 S. E. (2d) 514)

*Joseph R. Young* of *Young, Clement & Rivers,* Charleston, *for appellants.*

*David F. Groose* of *Uricchio, Howe & Krell,* Charleston, *for respondent.*

April 16, 1980.

HARWELL, Justice:

Respondent Taylor brought suit against appellants Bryant and his employer Pilot Freight Carriers, Inc. for alleged negligent, wilful, wanton and reckless acts which caused respondent to suffer injury when he was struck by one of appellant carrier's trucks driven by appellant Bryant. The jury returned a verdict of actual damages only for respondent. During appropriate stages of the trial, counsel for appellants moved for nonsuit, directed verdict and judgment non *obstante veredicto* on the ground that respondent was guilty of contributory negligence, recklessness and wilfulness as a matter of law. These motions were denied and appellants have taken exception thereto. We reverse and remand for judgment to be entered for appellants.

The Pilot Freight Carriers, Inc. terminal entrance is on the left side of Pacific Avenue, about three hundred yards from the point where Pacific Avenue intersects with Banco Road just west of North Charleston. Pacific Avenue is a paved two-lane street which deadends just beyond the terminal entrance. The street is straight and the view is unobstructed. When entering the terminal, vehicles make the left turn onto a driveway which extends some fifty to sixty feet to a chain link fence gate; passing beyond the gate, the vehicle enters the terminal itself.

Respondent, though not employed by the appellant corporation (Pilot) and not a member of the Teamsters Union, was nonetheless employed by the union as a picket in a labor dispute with Pilot. Respondent's ·accustomed routine was to relax by the roadside until he became aware of an approaching Pilot truck at which time he would proceed to walk back and forth across the entrance driveway to Pilot's terminal. Respondent had been employed in this manner for three months altogether and for one month at this location in particular. According to respondent's testimony up to six rigs passed through to the terminal while he was picketing each day; if respondent was not clear of the driveway, the drivers would stop until respondent was clear. Otherwise, the drivers made the turn without stopping.

The incident which is the subject of this action occurred on April 9, 1974 at approximately 5 :30 P. M. All parties agree that it was a clear day and that visibility was excellent. At this time, a Pilot rig driven by Bryant turned off of Banco Road onto Pacific Avenue and proceeded towards the Pilot terminal. Respondent was sitting close to Pacific Avenue across from the Pilot driveway and watching the Pacific-Banco intersection. There were also several persons seated in the back of a pickup truck on the left side of Pacific Avenue beyond the driveway and toward the deadend. When respondent saw the tractor-trailer rig turn off Banco Road, he immediately rose, crossed over Pacific Avenue, and began to walk back and forth across the drive about one or two feet off of Pacific. The driver Bryant meanwhile saw respondent cross the street and walk the picket line. Bryant, in fact, drove a route to Walterboro daily and testified that Taylor was on the picket line nearly every day when he returned.

During the trial one of respondent's witnesses testified that when a tractor-trailer rig makes a turn, the trailer has a tendency not to track in the same tire track as the tractor. Here, the trailer would track to the left of the tractor since the rig was turning to the left. In this instance, the apparent

leftward motion of the trailer was the cause of respondent's being struck because the tractor swung clear of respondent while the trailer swung into him.

Whether a plaintiff is contributorily negligent in a given case is determined in reference to all the facts and circumstances of the particular case. See cases collected at 14 West's South Carolina Digest, Negligence: Key No. 65. Contributory negligence generally means the negligence of a plaintiff contributing to his injury as a proximate cause without which the injury would not have occurred. *Pinkston v. Morrall,* 236 S. C. 601, 115 S. E. (2d) 286 (1960). With an action at law tried by a jury, the jurisdiction of this court extends only to corrections of errors of law. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Odom v. Weathersbee,* 225 S. C. 253, 81 S. E. (2d) 788 (1954). Viewing the facts in this case we have concluded that the trial court committed an error of law by not granting judgment non *obstante veredicto* since the facts and inferences drawn therefrom clearly indicate that respondent was contributorily negligent as a matter of law.

Respondent Taylor testified on direct examination as follows:

"Q. Describe for the jurors what exactly happened.

"A. Well, I had walked towards the dead end street. I had turned around and I had walked back toward Banco Road. I turned around again and I started back the other side, and had covered about one-third of the driveway or a little more, and this tractor come in front of me and I was trying to dodge and weave, and get out of thems way. I didn't want to get hurt and I know those things can hurt you."

On cross-examination, respondent characterized the situation this way:

"Q. You knew this truck was going to Pilot

"A. Yes, sir, it was a Pilot truck.

"Q. And you saw it come around from Banco Road?

"A. Yes, sir.

"Q. And you heard it?

"A. I heard the motor, yes, sir.

"Q. And you at that time, I believe, were sitting down across the road on a culvert?

"A. Yes, sir, I was.

"Q. And you got up and walked across?

"A. Walked clean across the road.

"Q. And you walked to the far end of the driveway from the direction the truck was coming?

"A. Yes, sir, I believe I stated that.

"Q. And you turned and walked towards Banco Road?

"A. Yes, sir.

"Q. And you saw the truck coming?

"A. Yes, sir.

"Q. All right. Then you turned around and started to walk back?

"A. Yes, sir.

"Q. And the trailer—the tractor went in front of you?

"A. Yes, sir."

* * *

"Q. Just how were you trying to get out of his way, sir?

"A. Well, I had turned around and I had started back and I seen the tractor come in front of me. I was looking down at my feet actually, and as I looked up I seen that the tractor had already passed and the trailer was right there on top of me and I was trying to turn and get away from the trailer—not go into it. I was trying to turn my back and get away from it."

* * *

"Q. Did the tractor and trailer make noise when it was coming?

"A. The tractor does, yes, sir. The motor is got a loud noise to it.

"Q. It was making a loud noise all this time it was coming down Pacific Avenue?

"A. Well, it got—it was faint whenever it first turned because it was at a distance and it kept getting louder and louder as it came down the road.

"Q. And it was loud when it went by you?
"A. Yes, sir.

"Q. And you knew the truck was coming?
"A. I knew it had to come that terminal, yes, sir.

"Q. You knew it was a Pilot truck when it turned in there?

"A. Yes, sir. I could read the writing on the side of the truck and the trailer—the tractor and trailer.

"Q. The tractor and the trailer?
"A. Yes, sir.

"Q. And you just kept walking back towards it?
"A. I just kept walking. I was doing what I was told to do.

"Q. By the union?
"A. Yes, sir." (End of Plaintiff's Case.)

There can be no doubt that respondent voluntarily placed himself in a place of apparent danger and failed to exercise even the barest rudiments of due care, much less that which a reasonable, prudent person would have exercised in his place. Respondent was well aware that the rig was present. Indeed, its presence activated his behavior. He crossed the driveway facing Banco Road and was looking in the direction of the approaching tractor-trailer. He completed this pass which put him at one end of the driveway. The tractor

then began to turn in behind respondent who apparently was aware that the tractor was going by. Regardless, with knowledge that a noisy unit was there, respondent turned and began to walk with head down right into the rig. Only at the last moment did respondent raise his head to see his peril.

Respondent's conduct forces us to conclude that the only reasonable inference to be drawn from the testimony is that if respondent had exercised the slightest degree of care for his own safety he could have seen the rig and avoided the collision. His failure to do so convicts him of contributory negligence as well as recklessness and wilfulness. But even if the respondent were guilty of only contributory negligence, the jury having found that he was entitled to recover only actual damages, the trial judge should have granted appellants' motion for judgment non *obstante veredicto*. The effect of the verdict of the jury for only actual damages was to absolve appellants from the charges of recklessness and wilfulness. The question became simply whether respondent was contributorily negligent as a matter of law. *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15 (1956); *Utsey v. Williams,* 229 S. C. 176, 92 S. E. (2d) 159 (1956); *Mozingo v. Atlantic Coast Line Railroad,* 220 S. C. 323 67 S. E. (2d) 516 (1951); *Taylor v. Atlantic Coast Line Railroad,* 217 S. C. 435, 60 S. E. (2d) 889 (1950).

Appellants' other exceptions are dismissed since our decision as to the issue of contributory negligence effectively disposes of the case.

Reversed and remanded with direction that judgment be entered for appellants.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur.